# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, JULY, 1884.

### WM. COULSON v. THE STATE OF TEXAS.

COURT OF APPPALS, AUSTIN TERM, 1884.

*Indictment—Libel.*—In an indictment for libel it is absolutely necessary to set out the alleged libelous matter according to its tenor, and the indictment must profess on its face to set forth an accurate copy of the alleged libel in words and figures.

*Same.*—That the alleged libelous matter is obscene, will not excuse its reproduction in the pleadings.

*Same.*—Under our code, it is not necessary to allege the tendency and intent to provoke a breach of the peace as at common law.

Appeal from Collin county.

The appeal is from a judgment of conviction for making and circulating a libel. Motions to quash and in arrest of judgment were made in both of which the sufficiency of the indictment was called in question "because said indictment does not set out the tenor of the instrument alleged to have been written and circulated by the defendant," and "because it appears from said indictment that the grand jury only attempted to give the substance and meaning and such portions of the language of the instrument as from their information they were able to give, and the indictment fails to assign any reason for not giving a literal copy of the instrument, or to state what the extent of the information of the grand jury was on the subject."

Omitting the formal portions the allegations of the indictment are that defendant "did then and there unlawfully, willfully, cor-

ruptly, maliciously, make, write and circulate, a certain false, scandalous, malicious and defamatory statement in writing to, of and concerning one James Jobe, said statement then and there affecting the reputation of said Jobe, and being then and there made, written and circulated with the malicious intent on the part of said Coulson to injure said James Jobe, and the natural consequence of which was to injure said Jobe. Said statement so made as aforesaid being then and there a libel, and being in substance, words and figures as follows to-wit: (Here the instrument is set forth in quotation marks which we omit on account of its obscenity,) after which follows this allegation: "The grand jurors aforesaid, upon their oaths do say that the foregoing is the language and substance and meaning of said false and malicious statement as near as they can give, etc.:"

With regard to some offenses where the offense is predicated upon an instrument in writing, it is permissible in criminal pleading to set forth the substance and effect or purpose of the instrument without declaring upon its, by its tenor or in *haec verba*, as for instance in perjuring. (Galbrelsky v. State, 13 Texas, Ct. Appeals, 436;) and in swindling (Baker v. State, 14 Texas, Ct. Appeals, 337.) But as a general rule whenever an instrument in writing enters into an offense as a part or basis thereof, or where its proper construction is material, the instrument itself *haec verba* should be set out in the indictment. (White v. The State, 3 Texas, Court Appeals, 605.)

As was said in the State v. Townsend, 86 N. C., 676, "according to the current of authorities, beginning with the oldest and extending to the latest and almost wholly unbroken libel belongs to that class of cases in which it is held to be absolutely necessary to set out in the indictment the alleged libelous matter according to its tenor. (Rex v. Burr, 12 Mod., 218; Wood v. Brown, 6 Taunt., 618; 1 Russell, 252; 2 Bish. Cr. Proc., sec. 744; State v. Sweeney, 10 Sergt. & R. 173; State v. Wright, 1 Cush., 46; State v. Brownlow, 7 Hump., 63; Whittaker v. Freeman, 1 Dev. 271. The reason given for this is that the court may be able from an exact knowledge of the contents of the publication as seen in the record, to form it's judgment thereon and that the accused may, if he pleases, demur and thus have the opinion of the court of a question of law upon the sufficiency of the matter to constitute libel, and thereby avoid submitting it as a mixed question to the jury.

In Brownlow v. The State, 7 Humph., 62, the indictment which was quite similar upon the point in question to the one before us charged that the libel "contained amongst other things to following false, malicious and libelous matters and things according to the tenor and effect following, that is to say: "It was held that this averment professes to set forth the substance and not the words of the libel and therefore not valid. An indictment for a libel must profess on its face to set forth an accurate copy of the alleged libel in words and figures. If it does not, it will be held insufficient on demurrer or in arrest of judgment. The indictment will not be valid if it professes to set forth the libel according to its substance or effect." (See Archibold's Crim., Pld. & Prac., Vol. 2 (Ev.) to p. 1033 and note.) And in Comm. v. Wright it was held that marks of quotation used in an indictment for libel to distinguish the libelous matter are not sufficient to indicate that the words thus designated are the very words of the alleged libel." (1 Cush. 46.)

"An indictment which charges that the libel is as follows, and then sets in forth *verbatim*, with sufficient inuendoes alleges, the libel with sufficient certainty." (Clay v. People, 86 Ill., 147.) And in The State v. Smith, 7 Lea:, (Tenn.) 249, it was held that an indictment which charges the matter of the libel to be a letter set out in full in the indictment with the prefatory statement which said libel is in substance as follows, to-wit: "is sufficient." The court say in distinguishing that case from Brownwood's case *supra*, "while the words in "substance" are used, yet it clearly and distinctly appears that they do not limit nor were they intended to limit the statement of the entire libelous matter complained of to anything less than the entire publication. · On the contrary the entire publication is set out."

We are clearly of opinion that the rule enunciated in the Brownlow case is the correct one in conformity with the weight of authority and it is unnecessary for us to say whether the ruling in the Smith case is reconcilable with it or not upon the ground stated, viz: that the word "substance" does not characterize the allegation where the writing is set out verbatum? (2 Archibold's Crim. Pl. & Prac. (8e) top p. 1033 and note.)

In the case before us the writing appears to have been set out *haec verba*, but the following averment that "the foregoing is the language and substance of and meaning of said false and malicious

statements as near as they (the grand jurors) can give" manifests the fact that, to say the least of it, the grand jury have attempted the substance and meaning as near as they could, and are not certain that they have done so, much less that they have given the language literally.

The only exception to the rule that the libelous matter must be set forth *haec verba* is where the obscenity of the language would excuse its reproduction in the pleadings. And with regard to this exception Mr. Bishop says: "The avoiding of obscene allegations in the record breeding corruption, is deemed an adequate necessity to excuse the setting out the words of an obscene libel. The indictment should give such a description of them as decency permits, then if it states the reason for omitting to recite them it will be sufficient." (1 Bish. Crim. Proc. (3 Ed.) sec. 496–497.)

We do not believe the reason stated for the exception, a good one. If the matter is one necessary to be determined by the courts under the law, then the law which requires that it be brought before its tribunals recognizes no authority of modesty or sentimentality to interfere with the fixed rules it has prescribed for the proper prosecution of offenders. We are of opinion, for the reasons given, that the indictment in this case was insufficient, and that the motions to quash, and in arrest of judgment were well taken and should have been sustained.

There is another matter growing out of this record, and affecting the sufficiency of the indictment, on the motion in arrest, which it may be well to notice. It is made to appear that the libelous instrument is a private letter written to the prosecutor Jobe, by appellant and not shown by appellant to any one and not intended by him to be seen by any one, but Jobe.

In Smith v. The State, 32 Texas, 594, it is held that "the writing of a letter and the deposit of it in a post office for transmission to the party addressed, constitute a publication of it within the law of libel." Mr. Bishop says: "One publishes a libel who sends it to a single individual." (2 Bish. Crim. Proc. 3 Ev., sec. 800.) And this, we are of the opinion is the law with us, provided the private letter or instrument be of such character as that if made public it would affect the reputation of the party about whom it was written. The question here is as to the sufficiency of this indictment to charge libel, based upon a private letter, sent to a private individual.

There is a distinction between libel at common law and libel under our penal code. At common law libel was punishable solely on account of its tendency to provoke a breach of the peace, (1 Bish. Crim. L. 7 Ed. sec. 591,) and where common law prevails, "the state takes notice of a libel against a *private individual* where th) language is mere defamation of himself only, because it tends to a breech of the peace. * * * * * If the libel is contained in a *letter* sent to the person libeled only an averment (in the indictment) is necessary because the law does not presume that the same temptation to violence will follow as in the case of public abuse, and it therefore requires the tendency and intent to be proved, and to be made the subject of proof they may first be averred." (State v. Henick, 3 Criminal Law Magazine 174; Rex v. Topham, 4 Tenn. R. 128.) Under our Penal Code libel is punished on account of its tendency to injure the reputation of a person (Penal Code Arts. 616 to 644 inclusive, and such being the case, if this intent is averred the indictment is sufficient without the additional averment of the tendency and intent to create a breech of the peace.

Because the court erred in overruling the motions to quash the indictment and arrest the judgment, and because the indictment is insufficient, the judgment is reversed and cause dismissed.

Reversed and dismissed. White, P. J.